**ORIGINAL**

FILED
2008 SEP -4 PM 12: 24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  KAREN MATTESON, Cal. Bar No. 102103
2  Email: mattesonk@sec.gov
   KELLY C. BOWERS, Cal. Bar No. 164007
3  Email: bowersk@sec.gov
   VICTORIA A. LEVIN, Cal. Bar No. 166616
4  Email: levinv@sec.gov
5  JANET MOSER, Cal. Bar No. 199171
   Email: moserj@sec.gov
6  DOHOANG T. DUONG, Cal. Bar No. 219127
7  Email: duongdo@sec.gov

8
9  Attorneys for Plaintiff
   Securities and Exchange Commission
10 Rosalind R. Tyson, Regional Director
   Andrew G. Petillon, Associate Regional Director
11 John M. McCoy III, Regional Trial Counsel
12 5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
13 Telephone: (323) 965-3998
14 Facsimile: (323) 965-3908

'08 CV 1620 WQH RBB

15
16              UNITED STATES DISTRICT COURT
17              SOUTHERN DISTRICT OF CALIFORNIA

18 SECURITIES AND EXCHANGE              Case No.
19 COMMISSION,
20           Plaintiff,
21     vs.                               **CONSENT OF DEFENDANT RETAIL PRO, INC. (fka Island Pacific, Inc.) TO ENTRY OF FINAL JUDGMENT**
22 RETAIL PRO, INC. (fka Island Pacific,
   Inc.), et al.,
23
             Defendants.
24
25
26
27
28

1. Defendant Retail Pro, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violation of Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A) & 78m(b)(2)(B), and Rules 10b-5, 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1 & 240.13a-13.

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further

1

agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that

2

upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and

1  (v) consents to personal jurisdiction over Defendant in any United States District
2  Court for purposes of enforcing any such subpoena.
3       13.   Defendant agrees that the Commission may present the Final
4  Judgment to the Court for signature and entry without further notice.
5  ///
6  ///
7  ///
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Retail Pro, Inc.<br>
(fka Island Pacific, Inc.)

Dated: 7/3/2008                        By: _____
                                           John Redding
                                           General Counsel
                                           3252 Holiday Ct., Ste. 226
                                           La Jolla, CA 92037

State of California
County of ~~Los Angeles~~ San Diego

On 07/03/08 before me, D. M. White, Notary Public (here insert name and title of the officer), personally appeared John Redding, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

**Approved as to form:**

_____
Robert A. Robertson, Esq.
Dechert LLP
4675 MacArthur Court, Suite 1400
Newport Beach, CA 92660-8842
(949) 442-6000
*Attorney for Defendant Retail Pro, Inc. (fka Island Pacific, Inc.)*

[Notary Seal: D. M. WHITE, COMM. #1680383, Notary Public - California, San Diego County, My Comm. Expires Jul. 14, 2010]

Exhibit 1

1  KAREN MATTESON, Cal. Bar No. 102103
   Email: mattesonk@sec.gov
2  KELLY BOWERS, Cal. Bar No. 164007
3  Email: bowersk@sec.gov
   VICTORIA A. LEVIN, Cal. Bar No. 166616
4  Email: levinv@sec.gov
5  JANET MOSER, Cal. Bar No. 199171
   Email: moserj@sec.gov
6  DOHOANG T. DUONG, Cal. Bar No. 219127
7  Email: duongdo@sec.gov

8
9  Attorneys for Plaintiff
   Securities and Exchange Commission
10 Rosalind Tyson, Regional Director
   Andrew G. Petillon, Associate Regional Director
11 John M. McCoy III, Regional Trial Counsel
12 5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
13 Telephone: (323) 965-3998
14 Facsimile: (323) 965-3908

15

16              UNITED STATES DISTRICT COURT

17             SOUTHERN DISTRICT OF CALIFORNIA

18 SECURITIES AND EXCHANGE          Case No.
   COMMISSION,
19                                  [PROPOSED] FINAL JUDGMENT
                Plaintiff,          OF PERMANENT INJUNCTION
20                                  AND OTHER RELIEF AGAINST
         vs.                        DEFENDANT RETAIL PRO, INC.
21                                  (fka Island Pacific, Inc.)
   RETAIL PRO, INC. (fka Island Pacific,
22 Inc.), et al.,
23              Defendants.
24
25
26
27                                  Exhibit  1   Page  1
28

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint ("Complaint") and Defendant Retail Pro, Inc. (fka Island Pacific, Inc.) ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///
///

Exhibit 1 Page 2

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13, by filing annual reports with the Commission on Forms 10-K or quarterly reports with the Commission on Forms 10-Q that fail to contain material information necessary to make the required statements in the Forms 10-K or 10-Q, in light of the circumstances under which they are made, not misleading.

**III.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(2)(B) of the Exchange Act,

1  15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal
2  accounting controls sufficient to provide reasonable assurances that:
3      (a)    transactions are executed in accordance with management's general or
4            specific authorization;
5      (b)    transactions were recorded as necessary (i) to permit preparation of
6            financial statements in conformity with generally accepted accounting
7            principles or any other criteria applicable to such statements, and (ii)
8            to maintain accountability for assets;
9      (c)    access to assets is permitted only in accordance with management's
10          general or specific authorization; and
11     (d)    the recorded accountability for assets is compared with the existing
12          assets at reasonable intervals and appropriate action is taken with
13          respect to any differences.
14
15                              V.
16  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the
17  Consent is incorporated herein with the same force and effect as if fully set forth
18  herein, and that Defendant shall comply with all of the agreements set forth
19  therein.
20
21                             VI.
22  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this
23  Court shall retain jurisdiction of this matter for the purposes of enforcing the terms
24  of this Final Judgment.
25  ///
26  ///
27  ///
28  ///

Exhibit __1__ Page __4__

4

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE

Exhibit __1__ Page __5__