MICHAEL A. PIAZZA, Esq.(SBN 235881)
piazzam@gtlaw.com
WAYNE R. GROSS, Esq. (SBN 138828)
grossw@gtlaw.com
LINDSAY A. AYERS, Esq. (SBN 225485)
ayersl@gtlaw.com
GREENBERG TRAURIG, LLP
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone:  (949) 732-6500
Facsimile:  (949) 732-6501
Attorneys for Defendant

## UNITED STATE DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>vs.<br><br>RETAIL PRO, INC. (fka Island Pacific, Inc.), BARRY M. SCHECHTER, RAN H. FURMAN, and HARVEY BRAUN,<br><br>Defendant(s). | CASE NO. 08 CV 1620 WQH (RBB)<br><br>**DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**<br><br>DEPT.:       Courtroom 4<br>JUDGE:       Hon. William Q. Hayes |

Defendant Ran H. Furman ("Furman"), by and through his counsel of record, hereby submits this memorandum of points and authorities in opposition to certain of Plaintiff, Securities and Exchange Commission's (the "SEC") proposed jury instructions and verdict forms.

In the paragraphs below, Furman separately addresses each of the SEC's proposed jury instructions to which he objects and in some instances proposes (and attaches) an alternate and more appropriate instruction.  Furman also objects to the SEC's offered verdict forms and submits his proposed forms in a separate filing.

## FURMAN'S SPECIFIC OBJECTIONS TO THE SEC'S PROPOSED INSTRUCTIONS AND VERDICT FORMS

### Claims and Defenses, Preliminary Instruction No. 1.1

Furman objects to the SEC's jury instruction to the extent that it does not include all of Furman's claims and defenses as set forth in Furman's "Claims and Defenses" jury instruction, attached hereto as Exhibit "A."[1]

### Statutory Purpose, Preliminary Instruction No. 1.2

Furman objects to the SEC's jury instruction on the grounds that it is misleading, contains irrelevant information and is prejudicial.  Instead, Furman proposes his jury instruction entitled "Introductory Instruction on the Federal Securities Laws" be offered to the jury instead. (Attached as Exhibit "B.")

The SEC's instruction contains a long explanation of the purpose of the SEC and the facts leading up to its creation and mission.  None of these facts are relevant to the instant case, and as such they should not be presented to the jury.  A Court should reject a jury instruction when the material presented is irrelevant to the issue of liability and "would serve only to confuse the jury."  *See U.S. v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).

---

[1]  All exhibits attached to this Memorandum have been separately filed with the Court as a Proposed Supplemental Jury Instruction.

CASE NO. 08 CV 1620 WQH (RBB)
DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS

OC 286,663,957v1 12-9-10

In addition, the proposed instruction effectively vouches for the credibility of the SEC -- one of the parties to this case -- and suggests that the SEC engages only in noble prosecutions to protect "the function and purpose of a free market."  This vouching improperly implies that the SEC is somehow more than a normal civil litigation and that its litigation positions are entitled to greater weight than Furman's use of this instruction will bias the jury in the favor of the SEC and will deprive Furman of a fair trial.

On the other hand, the instruction proposed by Furman contains a short and simple explanation of the SEC and securities in general.  Furman's instruction is based on *SEC v. Life Partners, Inc.*, 87 F.3d 536, 555 (D.C. Cir. 1996) and on the Manual of Model Civil Jury Instructions for the Ninth Circuit, 2010 Edition.  There is no reason for the Court to deviate from this authority.

### Securities -- Definition of Recurring Terms, Preliminary Instruction No. 1.3

Furman objects to the SEC's jury instruction on the grounds that the instruction is irrelevant, repetitive, confusing, and prejudicial.  There is no reason the jury should be subject to an extensive and extraneous definition of terms such as "misrepresentation," "omission," or "security," when these terms are defined more concisely in separate instructions and linked to their actual context as it relates to this case.  A Court should reject a jury instruction when the material presented is irrelevant to the issue of liability and "would serve only to confuse the jury."  *See U.S. v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).

### Lawyer Interviewing Witness, During Trial Instruction No. 5.1

Furman objects to the SEC's jury instruction on the grounds that the instruction is irrelevant and confusing.  It appears that the SEC included the instruction only in an attempt to downplay the significance of its interviews and meetings with potential witnesses.  The instruction does not relate to any claim or defense in this action and implies to the jury that the government has coordinated testimony from unknown third parties to substantiate its claims.  A Court should reject a jury instruction when the material presented is irrelevant to the issue of

liability and "would serve only to confuse the jury."  *See U.S. v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).

### **Facts That Must be Treated as Established, Closing Instruction No. 3.1**

Furman objects to the SEC's jury instructions on numerous grounds as set forth in Furman's concurrently filed Memorandum of Points and Authorities in Opposition to Plaintiff Securities and Exchange Commission's Motion *In Limine* for an Order Treating Facts as Established and Excluding Contradictory Evidence.  Furman incorporates his objections and arguments made in the opposition as part of this objection to the SEC's jury instruction No. 3.1.

### **Parties Who are No Defendants, Closing Instruction No. 10.1**

Furman objects to the SEC's jury instruction on the grounds that the instruction is irrelevant, confusing, and prejudicial.  It implies to the jury that action may have been taken against others involved in this case or that others have been found liable.  Use of this instruction implicitly instructs the jury that the allegations against other potential defendants may have merit.  The SEC cites to no Ninth Circuit caselaw or model instructions as support.  Rather, the SEC incorrectly cites to Seventh Circuit Civil Instruction 1.26 (modified), which deals with "Dismissed/Withdrawn" defendants, and not the general proposition of "parties who are not defendants."  A Court should reject a jury instruction when the material presented is irrelevant to the issue of liability and "would serve only to confuse the jury."  *See U.S. v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).  Further, the Court has no obligation to accept a proffered instruction "intended to influence the jury towards accepting the evidence of [the SEC]."  *See Bird v. Lewis & Clark College*, 303 F.3d 1015, 1022 (9th Cir. 2002).

### **Section 10(b) and Rule 10b-5 Elements and Burden of Proof, Closing Instruction No. 10.2**

Furman objects to the SEC's jury instruction.  The SEC's Section 10(b) and Rule 10b-5 allegations against Furman focus on specific transactions, and statements and/or omissions.  The SEC's proposed instruction does not provide the jury with the details of which specific

---

3

CASE NO. 08 CV 1620 WQH (RBB)
DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS

OC 286,663,957v1 12-9-10

1   transactions or alleged false or misleading statements are alleged to have violated the securities

2   laws.  The SEC lists three "either-or" possibilities regarding potential "fraudulent acts" without

3   attempting to inform the jury which "act" it is actually pursuing against Furman.  This will serve

4   to confuse the jury and lead the jurors to believe Furman may be liable for acts he has not even

5   been alleged to have violated.

6          Further, the instruction contains extraneous language and confusing terms which would

7   prejudice Furman.  The SEC's instruction improperly includes the phrase "fraudulent acts" when

8   discussing the elements of the violation.  The instruction also includes an unnecessary and

9   irrelevant addition on whether "the instrumentality or facility [of interstate commerce] was used

10  to make an untrue statement."  A Court should reject a jury instruction when the material

11  presented is irrelevant to the issue of liability and "would serve only to confuse the jury."  *See*

12  *U.S. v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).  Furman submits that any instruction

13  regarding the elements of Section 10(b) and Rule 10b-5 be identical to the straightforward

14  language in Ninth Circuit Model Civil Jury Instruction 18.1.

15  <u>**Device, Scheme or Artifice to Defraud - Definition, Closing Instruction No. 10.3**</u>

16         Furman objects to the SEC's jury instruction.  The proposed instruction purports to define

17  "device, scheme, or artifice" under Section 10(b) and Rule 10b-5 but in reality simply gives the

18  jury additional and unnecessary definitions of the "general term" of fraud.  The SEC's

19  instruction further contains the statement: "the law which the defendants (sic) are alleged to have

20  violated prohibits all kinds of manipulative and deceptive acts."  This statement has nothing

21  whatsoever to do with the alleged definition of "device, scheme, or artifice" and seems included

22  solely to convince the jury that Furman may be liable for multiple types of fraudulent activity.

23  Thus, the instruction is both irrelevant and prejudicial.  The Court has no obligation to accept a

24  proffered instruction "intended to influence the jury towards accepting the evidence of [the

25  SEC]."  *See Bird v. Lewis & Clark College*, 303 F.3d 1015, 1022 (9th Cir. 2002).

26

27

28

OC 286,663,957v1 12-9-10

1

### Making a Statement - Defined, Closing Instruction No. 10.4

2          Furman objects to the SEC's jury instruction, while proposing that his jury instruction

3   entitled "Substantial Participation" be submitted to the jury instead.  (Attached as Exhibit "C.")

4          The SEC's instruction unfairly "flips" the holding of *Howard v. Everex Systems, Inc.*,

5   228 F.3d 1057 (9th Cir. 2000) by stating that the defendant "may be held responsible" for

6   "having reason to know a false statement would be disseminated to investors" rather than the

7   actual *Howard* holding, which states that a defendant's "good faith defense" includes an *absence*

8   of scienter and failure to directly or indirectly induce the violations at issue.  Thus, the simpler

9   and more straightforward definition of "substantial participation" as found in Furman's jury

10  instruction (see attached), should be adopted by the Court.  The Court has no obligation to accept

11  a proffered instruction from the SEC which is "manifestly intended to influence the jury towards

12  accepting the evidence of [the SEC] as against that of [Furman]."  *See Bird v. Lewis & Clark*

13  *College*, 303 F.3d 1015, 1022 (9th Cir. 2002).

14         ### Materiality -- Additional Definition, Closing Instruction No. 11.1

15         Furman objects to the SEC's jury instruction on the grounds that the proposed instruction

16  is extremely improper and prejudicial, as it expressly contradicts the Supreme Court's holding in

17  *Basic Inc. v. Levinson*, 485 U.S. 224, 231 (1988).  In *Basic, Inc.*, the Court held that a finding of

18  materiality was based on a "total mix of information" standard which took into account all

19  relevant information to a reasonable investor.  There is certainly no caselaw support for the

20  SEC's proposed "bullet point list" of certain factors which "may be considered" by the jury.

21  Submitting such a list to the jury would only confuse the jury as to the correct standard of

22  materiality, and would prejudice Furman.  Further, the SEC's proposed "list" of materiality

23  factors just so happens to conform precisely to the evidence the SEC plans to submit against

24  Furman during trial.  The Court has no obligation to accept a proffered instruction "intended to

25  influence the jury towards accepting the evidence of [the SEC]."  *See Bird v. Lewis & Clark*

26  *College*, 303 F.3d 1015, 1022 (9th Cir. 2002).

27

28

OC 286,663,957v1 12-9-10

The SEC's lengthy proposed instruction on "additional" materiality definitions is more akin to a closing argument than to a neutral instruction of law to be provided by the Court.   Jury instructions must "fairly and adequately cover the issues presented, correctly state the law, and not be misleading."  *See Dang v. Cross*, 422 F.3d 800, 804-05 (9th Cir. 2005).

## Generally Accepted Accounting Principles ("GAAP") -- Definition, Closing Instruction No. 11.2

Furman objects to the SEC's jury instruction to the extent that it is the only joint jury instruction that defines GAAP.  The SEC's sparse definition of GAAP fails to fully define GAAP, and implies that GAAP constitutes one set of general rules which must be followed.  In reality, GAAP is a term of art that encompasses a wide range of acceptable treatments.  *See In re Ikon Office Solutions, Inc.,* 277 F.3d 658, 675 n.22 (3d Cir., 2002); *Thor Power Tool Co. v. Comm'r*, 439 U.S. 522, 544 (1979).  The jury should be instructed that GAAP tolerates such a range of treatments, as outlined in Furman's GAAP instruction entitled "Definition of GAAP."

Should the SEC accept Furman's "Definition of GAAP" instruction, Furman will not object to this SEC GAAP Definition jury instruction as an additional joint instruction.

## In Connection With -- Definition, Closing Instruction No. 11.3

Furman objects to the SEC's jury instruction on the grounds that the instruction is unnecessary, prejudicial, and would lead to confusion of the jury.  Affirmatively stating that the phrase "in connection with" is legally defined as "touched upon," only begs the question of the proper definition of "touched upon."  The SEC provides no caselaw support for this proposed instruction, and no explanation of why "in connection with" is any less self-explanatory than "touched upon."  Indeed, the SEC's definition implies a weaker standard than the actual language in the regulation.  A Court should reject a jury instruction when the material presented is irrelevant to the issue of liability and "would serve only to confuse the jury."  *See U.S. v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).

CASE NO. 08 CV 1620 WQH (RBB)
DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS

OC 286,663,957v1 12-9-10

**In Connection With -- Addition to Definition, Closing Instruction No. 11.4**

Furman objects to the SEC's jury instruction on the grounds that the SEC's addition regarding the "in connection with" definition is unnecessary and confusing.  The SEC's citation to *SEC v. Rana Research, Inc*., 8 F.3d 1358, 1362 (9th Cir. 1993) as authority is improper because the SEC is attempting to apply the specific facts of that action into a general legal principle for a jury instruction.  Clearly, the jury is capable of determining whether a statement was made "in connection with" a securities transaction without the confusing additional definitions proposed by the SEC.  A Court should reject a jury instruction when the material presented is irrelevant to the issue of liability and "would serve only to confuse the jury."  *See U.S. v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).

**Accuracy Financial Statements -- Presumption, Closing Instruction No. 11.5**

Furman objects to the SEC's jury instruction.  As drafted, the SEC's proposed instruction invades the province of the jury by setting forth a mandatory presumption that financial statements not prepared in accordance with GAAP are presumed "misleading and inaccurate."  Although the SEC takes this view regarding its own review of filings, this view does not comport with controlling caselaw in a litigation context.  A violation of GAAP, while potentially relevant, does not automatically establish whether a financial statement is misleading or inaccurate.  *See Carley Capital Group v. Deloitte & Touche, LLP*, 27 F. Supp. 2d 1324, 1335 (N.D. Ga. 1998) (violation of GAAP may constitute a misleading statement); *In re Discovery Zone Securities Litigation*, 943 F.Supp. 924, 934-37 (N.D. Ill. 1996).  GAAP standards encompass a wide range of acceptable treatments.  *See In re Ikon Office Solutions, Inc.,* 277 F.3d 658, 675 n.22 (3d Cir., 2002); *Thor Power Tool Co. v. Comm'r,* 439 U.S. 522, 544 (1979).

**Knowingly - Defined, Closing Instruction No. 11.6**

Furman objects to the SEC's instruction on the definition of "knowingly."  As written, the SEC's proposed instruction is misleading and prejudicial.  The SEC's instruction improperly omits the word "necessary" from the sentence "A defendant acts knowingly if the defendant

CASE NO. 08 CV 1620 WQH (RBB)
DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS

OC 286,663,957v1 12-9-10

omits to disclose **necessary** information…" as stated in the Ninth Circuit Manual of Model Jury Instructions 18.3.  There is no reason to deviate from the language contained in the model instruction.  The requirement that the omission involve "necessary" information is at the heart of a scienter finding, as held by the Supreme Court in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976), on which the model instruction is based.

The *Ernst & Ernst* Court further held that negligence in an omission was an improper basis for liability and a finding of scienter.  This principle was upheld by the Ninth Circuit in *SEC v. Dain Raucher Inc.*, 254 F.3d 852, 856, 859 (9th Cir. 2001).  The SEC's proposed instruction improperly omits reference to this important connection between negligence and scienter.  Furman would be prejudiced without this addition to the "scienter" definition, as the jury may improperly believe mere negligence in an omission to be a proper basis for the scienter element.  As such, Furman's proposed instruction on p. 4 should be adopted by the Court.

### Aiding and Abetting -- Section 13(a) -- Filing False Periodic Reports, Closing Instruction 11.7

Furman objects to the SEC's jury instruction, while proposing that his jury instruction entitled "Aiding and Abetting - Section 13(a) - Filing False Periodic Reports" be submitted to the jury instead.  (Attached as Exhibit "D.")

The SEC provides no support for its additional inclusion that "there is no requirement that the company have acted knowingly or recklessly to violate these provisions."  In fact, in SEC's own cited authority *Ponce v. SEC*, 345 F.3d 722 (9th Cir. 2003) contains no such language.  An instruction on an aiding and abetting charge should not include the requisite mental states for additional charges.  Such an inclusion would only serve to confuse the jury on the actual instruction and charge they are considering.

Furman further objects to the SEC's additional inclusion that "inaction may be a form of 'substantial assistance…'"  The SEC cites no support for this instruction, which is both confusing and prejudicial as it creates an impression that a defendant remains liable for aiding

CASE NO. 08 CV 1620 WQH (RBB)
DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS

OC 286,663,957v1 12-9-10

1   and abetting whether or not he acts or fails to act.  Jury instructions must "fairly and adequately

2   cover the issues presented, correctly state the law, and not be misleading."  *See Dang v. Cross,*

3   422 F.3d 800, 804-05 (9th Cir. 2005).

4   **Rule 13a-14 of The Exchange Act -- False Certification Violations, Closing**

5   **Instruction 11.8**

6       Furman objects to the SEC's jury instruction on the grounds that this instruction is

7   misleading, prejudicial and oversimplifies the elements of a Rule 13a-14 violation.  The jury is

8   not instructed as to what – if any – elements of the Exchange Act Rule Furman allegedly failed

9   to comply with. There is a high potential for jury confusion and potential that the jury could find

10  Furman liable without ever analyzing each element of the claim.

11      **No Need to Consider Remedies, Closing Instruction 11.9**

12      Furman objects to the SEC's jury instruction on the grounds that this instruction is

13  irrelevant, prejudicial, and confusing.  The jury will be instructed repeatedly that its "job is to

14  determine whether the defendant is liable."  There is no need for a separate instruction to remind

15  the jury of this fact.  The instruction further implies that only monetary "relief" may be awarded

16  against Furman should he be found liable, and ignores additional punishments that Furman may

17  face.  The instruction is designed to unfairly "tilt" the jury towards a finding of liability by

18  suggesting that a small, monetary judgment might be the only suffering resulting to Furman.

19  The Court has no obligation to accept a proffered instruction "intended to influence the jury

20  towards accepting the evidence of [the SEC]."  *See Bird v. Lewis & Clark College*, 303 F.3d

21  1015, 1022 (9th Cir. 2002).

22      **Verdict Forms, Page 69-71**

23      The verdict forms submitted by the SEC suffer from some of the same deficiencies as

24  detailed in Furman's objections to the SEC's jury instructions above.  Accordingly, Furman

25  incorporates his objections to the SEC's proposed jury instructions into his objections to the

26  SEC's proposed jury verdict forms.

27

28

CASE NO. 08 CV 1620 WQH (RBB)
DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS

OC 286,663,957v1 12-9-10

Furman objects to the SEC's proposed verdict forms because they do not clearly set out the elements of each claim for the jury as is done in Furman's proposed verdict forms.

Furman objects to the verdict forms because they do not ask the jury to reach a unanimous decision with respect to each element of each claim against Furman.

Furman objects to the verdict forms to the extent that they fail to include Furman's affirmative defenses to the SEC's claims.

Finally, the verdict forms are misleading and confusing.  The SEC claims that Furman violated securities laws by making alleged misstatements or omissions in connection with different transactions and corporate filings; however, the SEC's proposed verdict forms do not point the jury to the specific transactions or filings that form the basis for the alleged securities violations.  Because the SEC's verdict forms fail to provide the jurors such guidance, there is a high potential for jury confusion and potential that the jury could find Furman liable for acts which he is not alleged to have violated under each specific section of the securities laws.

Furman is separately filing proposed verdict forms that cure these deficiencies.  Furman asks the court to use those forms at trial.


DATED:  December 10, 2010                    GREENBERG TRAURIG LLP


                                             By:  /s/  Michael A. Piazza_____
                                             Michael A. Piazza, Esq.
                                             Wayne R. Gross, Esq.
                                             Lindsay A. Ayers, Esq.
                                             Attorneys for Defendant

DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS

OC 286,663,957v1 12-9-10

# EXHIBIT A

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __
### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, the SEC, claims that [*plaintiff's claims*]. The plaintiff has the burden of proving these claims.

The defendant, Ran H. Furman, denies those claims.  Ran H. Furman contends that:

(1)     Furman never made any false or misleading statements;

(2)     Furman did not have the state of mind necessary to support any of the Plaintiff's claims - He did not act with scienter or recklessly;

(3)     Furman was entitled to rely upon information from and the advice of others, including fellow senior officers, outside auditors, outside legal counsel, and members of the board of directors outside;

(4)     At all times, Furman reasonably relied in good faith on the advice of Island Pacific's outside auditors, SingerLewak, Island Pacific's accountants, officers, outside counsel, audit department, and others and kept them fully informed;

(5)     SingerLewak approved of Island Pacific's accounting treatment of the transactions at issue and necessary disclosures;

(6)     Island Pacific's auditors, accountants, lawyers, and officers approved of Island Pacific's accountings and disclosures;

(7)     Island Pacific provided SingerLewak with all of the required information needed to assess the transactions at issue;

(8)     Furman had no motive to commit wrongdoing because Furman did not receive financial gain from any of the business decisions involved in this case;

(9)     Island Pacific's recognition of revenue regarding the License Agreement and Sublicense Agreement complied with SOP 97-2;

(10)     Furman cannot be liable for aiding and abetting where no underlying violation occurred and, even if it did, Furman had no knowledge of any such violation; and

4

1    (11)    Furman did not falsely certify Island Pacific's 2004 second and third quarter Forms 10-Q

2    based upon his knowledge and beliefs at the time he made such certifications.

3

4

5
_____
6    JUDGE OF THE FEDERAL DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF CALIFORNIA
7

     ACCEPTED:                      _____
8    ACCEPTED AS MODIFIED:          _____
     REFUSED:                       _____
9    WITHDRAWN:                     _____
10   AUTHORITY:                     Ninth Circuit Manual of Model Civil Jury Instructions (2007
                                    Ed.; Last Updated 10/2009), Model Instruction 1.2
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CV 08-1620 WQH (RBB
SUPPLEMENTAL JURY INSTRUCTIONS

OC 286,664,611v2 12-10-10

# EXHIBIT B

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**INTRODUCTORY INSTRUCTION ON THE FEDERAL SECURITIES LAWS**

The plaintiff in this case, the United States Securities and Exchange Commission, is an independent regulatory agency created by Congress. Following the crash of the stock market in 1929, the United States Congress passed laws to protect the integrity of the financial markets. Among the laws passed were the Securities Act of 1933 and the Securities Exchange Act of 1934. The principle underlying these laws is full disclosure of material matters about securities that are bought and sold in the public marketplace.

A "security" is an investment in a commercial, financial, or other business enterprise, with the expectation of profit or other gain produced by the efforts of others. One common type of security is stock. The buying and selling of securities is controlled by the securities laws. One of the SEC's primary duties is to enforce the securities laws, which are intended to protect the investing public.

The SEC claims that the defendant violated certain of these laws.

I will now describe to you those relevant sections of the statutes and the rules.

_____
JUDGE OF THE FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ACCEPTED: _____
ACCEPTED AS MODIFIED: _____
REFUSED: _____
WITHDRAWN:
AUTHORITY:      *Adapted from 4 L. Sand, et al., Modern Federal Jury*
                *Instructions, 2010 Edition, Section 82.01, Instr. 82-1 and 82-2;*
                *see also SEC v. Life Partners, Inc., 87 F.3d 536, 555 (D.C.*
                *Cir. 1996) ("the SEC . . . bears primary responsibility for*
                *administering the securities laws"); Manual of Model Civil*
                *Jury Instructions for the Ninth Circuit, (2007 Ed.; Last*
                *Updated 10/2009, Section 18.0); Harden v. Raffensperger,*
                *Hughes & Co., 65 F.3d 1392, 1401 (7 th Cir. 1995) (the SEC*
                *is the 'agency responsible for enforcing the securities laws");*
                *Section 10(b) of the Securities Exchange Act of 1934; SEC*
                *Rule 10b-5; Section 13(a) of the Exchange Act; SEC Rule 13a-*

37



1; *SEC Rule 13a-13; SEC Regulation S-K § 229.303; SEC Rule 12b-20.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

38

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**<u>SUBSTANTIAL PARTICIPATION</u>**

You may find a defendant liable for misrepresentations or omissions in a filing that the defendant did not personally draft or sign if the person substantially participated in the preparation of the document.

_____

JUDGE OF THE FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ACCEPTED:                         _____
ACCEPTED AS MODIFIED:   _____
REFUSED:                          _____
WITHDRAWN:                     _____
AUTHORITY:                      *Howard v. Everex, 228 F.3d 1057, 1061 n.5 (9th Cir. 2000);*
                                          *see also In re Software Toolworks, 50 F.3d 615, 628-29 & n.3*
                                          *(9th Cir. 1994).*

43

OC 286,664,611v2 12-10-10

EXHIBIT C, PAGE 18

# EXHIBIT D

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. __**

**AIDING AND ABETTING – SECTION 13(a) – FILING FALSE PERIODIC REPORTS**

The SEC claims that Furman aided and abetted Island Pacific's violations of Section 13(a) of the Exchange Act and Rules 12-b 20, 13a-1 and 13a-13 thereunder, by causing the filing of false reports with the SEC.

Companies must file with the SEC certain information, documents and reports, including annual Forms 10-K and quarterly Forms 10-Q, for the protection of investors and to insure fair dealing in the security. Section 13(a) and Rules 13a-1 and 13a-13 require that companies make those reports factually accurate and not omit information that would otherwise make the information in the reports not misleading. Rule 12b-20 provides that, in addition to the information expressly required to be included in a statement or report, the company shall disclose such further material information as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading. I have previously instructed you on what material means. It has the same meaning here. Company's reports filed with the SEC must be prepared in conformity with GAAP.

In connection with the Island Pacific Form 10-Q, for the second quarter of 2004, the SEC alleges that Furman aided and abetted the filing of a false quarterly report with regard to:

The recording of revenue for the License Agreement.

Alleged false certification of the quarterly SEC filing.

Alleged modification of the License Agreement after quarter end to increase the sales price and record additional revenue in Island Pacific's 2Q 2004 SEC filing.

Alleged violations of GAAP and Island Pacific's stated revenue recognition policy.

Alleged misstatements and omissions in the management representation letter in connection with the 2Q 2004 filing.

In connection with the Island Pacific Form 10-Q, for the third quarter of 2004, the SEC alleges that Furman aided and abetted the filing of a false quarterly report with regard to:

Alleged failure to appropriately record revenue for the License Agreement in 3Q 2004.

The recording of the Sublicense Agreement.

15

*OC 286,664,611v2 12-10-10*

EXHIBIT D, PAGE 20

1    Alleged false certification of the quarterly SEC filing.

2    Alleged violations of GAAP and Island Pacific's stated revenue recognition policy.

3    Alleged misstatements and omissions in the management representation letter in connection with

4  the 3Q 2004 filing.

5    In connection with the Island Pacific Form 10-K for 2004, the SEC alleges that Furman aided

6  and abetted the filing of a false year-end report with regard to:

7    Alleged improper reporting of the License Agreement revenue.

8    Alleged failure to record the Sublicense Agreement in the final quarter of 2004.

9    Alleged false certification of the 10-K SEC filing.

10    Alleged violations of GAAP and Island Pacific's stated revenue recognition policy.

11    Alleged misstatements and omissions in the management representation letter in connection with

12  the 10-K 2004 filing.

13    To prove its claim of aiding and abetting, the SEC must establish by a preponderance of the

14  evidence that:

15    (1)    Island Pacific committed a primary violation (one or more violations of Section 13(a) of

16  the Exchange Act and Rules 12b-20, 13a-1, 13a-13) by filing with the SEC a materially false and/or

17  misleading second or third quarter 10-Q, or 10-K report for 2004;

18    (2)    Furman had knowledge of the primary violation and of his own role in furthering it; and

19    (3)    Furman provided substantial assistance in the primary violation.

20    If you find that each of these elements for which the SEC has the burden of proof has been

21  satisfied with respect to Furman by a preponderance of the evidence your verdict should be for the SEC.

22  If, on the other hand, the SEC has failed to satisfy any of these elements by a preponderance of the

23  evidence, then your verdict must be for Furman.

24

25    _____

26    JUDGE OF THE FEDERAL DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF CALIFORNIA

27
    ACCEPTED:    _____

28

16

ACCEPTED AS MODIFIED:
REFUSED:
WITHDRAWN:
AUTHORITY:                 15 U.S.C. § 78m(a), 17 C.F.R. §§ 240.12b-20, 13a-1 and 13a-13, *Ponce v. SEC*, 345 F.3d 722, 734-37 (9th Cir. 2003).

17

OC 286,664,611v2 12-10-10

EXHIBIT D, PAGE 22

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3161 Michelson Drive, Suite 1000, Irvine, California 92612.

On the below date, I served the **DEFENDANT RAN H. FURMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S PROPOSED JURY INSTRUCTIONS** on the interested parties in this action as follows:

Karen Matteson, Esq.
Donald W. Searles, Esq.
Janet E. Moser, Esq.
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90036
Email: mattesonk@sec.gov
Email: searlesd@sec.gov
Email: moserj@sec.gov
*Counsel for Plaintiff*
*Securities and Exchange Commission*

☒    **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**

In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☐    **(STATE)**       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 10, 2010.

/s/ Michael A. Piazza, Esq.
Michael A. Piazza, Esq.

OC 286,663,957v1 12-9-10