# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br>     vs.<br>RETAIL PRO, INC. (fka Island Pacific, Inc.), BARRY M. SCHECHTER, RAN H. FURMAN, and HARVEY BRAUN,<br><br>           Defendants. | CASE NO. 08cv1620-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the motions in limine filed by Plaintiff (ECF Nos. 95-96) and the sole remaining Defendant, Ran H. Furman (ECF Nos. 97-99).

## I.   Background

On September 4, 2008, Plaintiff Securities and Exchange Commission ("SEC") filed a Complaint in this Court. (ECF No. 1). The Complaint alleges:

> 3.   This case involves a fraudulent scheme by Island Pacific, Inc. ('Island Pacific' or the 'Company') and its then senior management to overstate the Company's financial results for the quarters ended September 20, 2003 ('Q2 2004'), and December 31, 2003 ('Q3 2004'), and its fiscal year ended March 31, 2004 ('FY 2004'). The Company's senior management responsible for the fraud were defendants Barry M. Schechter ..., a controlling person and *de facto* officer; Ran H. Furman ..., the Chief Financial Officer; and Harvey Braun ..., the Chief Executive Officer.
>
> 4.   In Q2 2004, Schechter, Furman and Braun caused Island Pacific to improperly record and report $3.9 million in revenue from a sham transaction with an Australian software company, QQQ Systems Pty Limited ('QQQ'). The transaction had no economic substance or business purpose and instead was entered into in order to artificially inflate Island Pacific's revenues reported in its financial  statements.  Subsequently, in the third quarter, Island Pacific

improperly recorded an offsetting transaction whereby it purchased from QQQ $3.9 million of software. In fact, no contract finalizing this offsetting transaction was signed until the fourth quarter. Island Pacific and QQQ never exchanged any money as a result of these offsetting agreements. In addition, neither Island Pacific nor QQQ made any effort to sell the other's software or to determine the fair market value of their software licensing rights as required by applicable accounting principles.

5. As a result of improperly recognizing and reporting the $3.9 million as revenue, Island Pacific overstated its revenues by 140% for Q2 2004, 29% for the nine months ending Q3 2004, and 22% for the 2004 fiscal year, and reported a small profit instead of a massive loss for Q2 2004. The defendants also failed to disclose the sham nature of the QQQ transaction and actively concealed their fraud from Island Pacific's outside auditors, and the public, by creating forged and/or fabricated documents which they used in an attempt to demonstrate that the recognition of revenue from the transaction was proper. Additionally, Furman fired a company whistleblower [i.e., Joseph Dietzler] who expressed concern in an email that the offsetting transactions were 'structured in a manner that is intended to inflate revenues for the purpose of boosting the corporation's share price.'

6. As part of the fraudulent scheme, Schechter sold 637,750 shares of Island Pacific stock, receiving $488,410 in ill-gotten gains.

7. By engaging in this conduct, the defendants variously violated and aided and abetted violations of the antifraud, issuer reporting and record-keeping, internal controls, and prohibition against misrepresentations to accountants provisions of the federal securities laws. The Commission seeks to obtain injunctions from future violations, civil penalties, and officer and director bars against Schechter, Furman, and Braun, and additionally to obtain disgorgement of ill-gotten gains from Schechter.

*Id.* ¶¶ 3-7.

Following the Court's November 18, 2009 Order granting in part and denying in part Plaintiff's motion for summary judgment (ECF. No. 47), the following claims remain to be tried against Furman: (1) Section 10(b) of the Securities Act of 1934 and Rule 10b-5 thereunder; (2) aiding and abetting Island Pacific's violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 thereunder; and (3) SEC Rule 13a-14.

On November 19, 2010, the parties filed the following motions in limine: (1) Motion in Limine by Plaintiff for an Order Specifying that Facts Be Treated as Established and Excluding Contradictory Evidence or Testimony (ECF No. 95); (2) Motion in Limine by Defendant to Exclude Evidence Regarding this Court's Prior Summary Judgment Order (ECF No. 98); (3) Motion in Limine by Plaintiff to Exclude Testimony and Expert Report by Defendant's Expert, Jerry Arnold (ECF No. 96); (4) Motion in Limine by Defendant to

Exclude Expert Witness Testimony by Plaintiff's Expert Peter Salomon (ECF No. 97); and (5) Motion in Limine by Defendant to Exclude Evidence of Consent Decrees and Judgments Entered into Between the Plaintiff and Defendants Retail Pro, Inc., Barry M. Schechter and Harvey Braun in Settlement of this Action (ECF No. 99).

On February 10, 2011, the Court heard oral argument on the motions in limine. This Order supplements the comments made by the Court during the February 10, 2011 hearing.

## II.   Discussion

### A. Motion in Limine for an Order Specifying that Facts Be Treated as Established and Excluding Contradictory Evidence or Testimony

#### 1.   Contentions of the Parties

Pursuant to Federal Rule of Civil Procedure 56(g), Plaintiff "seeks an order specifying that certain facts [decided by the Court in the summary judgment Order] are not genuinely at issue and must be treated as established in this action" and "also seeks an order excluding as irrelevant any evidence or testimony contradicting these facts, and will propose an instruction that the jury is to treat the above facts as established." (ECF No. 95 at 2, 4). Plaintiff lists ten facts which Plaintiff contends should be treated as established at the jury trial. These facts relate to a February 4, 2004 email sent by former Island Pacific Contracts Administrator Joe Deitzler, deposition testimony given by Furman, the Court's ruling on the materiality of the Dietzler email to Island Pacific's auditors, two management representation letters signed by Furman, the Court's summary judgment ruling on the defense of reliance upon professional assistance and the claims of Section 13(b)(5), Rule 13b2-1, and Rule 13b2-2.

Plaintiff contends that the requested Rule 56(g) order would "narrow the scope of the litigation"; that evidence "contradicting claims already decided by summary judgment is irrelevant under Rules 401 and 402"; that "[t]his Court's determinations are relevant to the remaining claims, contrary to Defendant's assertions, because making misrepresentations to an auditor may constitute an untrue statement or omission of a material fact, in violation of the antifraud provisions"; and Plaintiff is "entitled to rely on this Court's prior determination regarding the unavailability of the defense of reliance on professional assistance." (ECF Nos. 95 at 5; ECF No. 117 at 6).

Defendant contends: "This Court should exercise its discretion to deny this request because it would not materially shorten or otherwise simplify the trial" because the factual issues "will need to be covered at trial in connection with other claims and issues"; the Court's ruling on materiality is based on auditing standards, which is relevant to the books and records claims, but the Section 10(b) claim has a different materiality standard; "[i]f ... the Court grants this motion ... the Court should clarify its prior order to specify that Furman is not precluded from showing that he relied on the advice of professionals prior to his receipt of the February 4, 2004 Dietzler email"; and Defendant objects to the manner in which Plaintiff edited the Court's Order in its motion and requests that, if the Court grants the motion, the Court order the parties to jointly prepare proposed jury instructions on the issue. (ECF No. 109 at 3, 5-6).

### 2. Analysis

Federal Rule of Civil Procedure 56(g) (prior to December 1, 2010, codified as Rule 56(d)) provides: "If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact–including an item of damages or other relief–that is not genuinely in dispute and treating the fact as established in the case." This rule "was intended to avoid a useless trial of facts and issues over which there was never really any controversy and which would tend to confuse and complicate a lawsuit." *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) (quotation omitted); *see also Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 (9th Cir. 2009) (noting that the rule "serves the purpose of speeding up litigation") (quotation omitted). "[T]he court has 'open-ended discretion to decide whether it is practicable to determine what material facts are not genuinely at issue.'" *Clark v. City of Tucson*, No. CV08-300, 2010 WL 1842263, at *13 (D. Ariz. May 6, 2010) (quoting Fed. R. Civ. P. 56(d)(1) advisory committee's cmt. (2007 amd.)). The Advisory Committee Comments to the 2010 amendments to Rule 56(g) state: "Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event." Fed. R. Civ. P. 56(g) advisory committee's cmt. (2010 amd.).

After considering the submissions of the parties, the Court declines to enter an order pursuant to Rule 56(g) requiring that the facts stated in Plaintiff's motion (ECF No. 95 at 2-4) be treated as established in the jury trial. The Court finds that entering such an order would not materially expedite the trial, and such an order would pose a significant risk of confusing the jury and unfairly prejudicing Defendant due to the differing legal standards at issue in the claims decided on summary judgment and those which remain to be decided by the jury. Plaintiff cites five cases in support of its Rule 56(g) motion. Four of the cases involved bench trials as opposed to jury trials. *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190 (9th Cir. 2009); *Singh v. George Washington Univ. Sch. Of Med. & Health Sciences*, 508 F.3d 1097 (D.C. Cir. 2007); *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408 (5th Cir. 1993). The sole case involving a Rule 56(g) order in the context of a jury trial, *Alberty-Velez v. Corporacion de P.R. Para la Diffusion Publica*, 242 F.3d 418 (1st Cir. 2001), involved a relatively straightforward summary judgment finding that the plaintiff was an "employee" as defined in Title VII. *See id.* at 421. The summary judgment rulings in this case, by contrast, involve issues that have significantly greater potential for jury confusion and unfair prejudice to Defendant. Plaintiff's Motion in Limine for an Order Specifying that Facts Be Treated as Established and Excluding Contradictory Evidence or Testimony (ECF No. 95) is denied.

    **B.    Motion in Limine to Exclude Evidence Regarding this Court's Prior Summary Judgment Order**

Defendant moves for an order excluding from trial any evidence of or reference to this Court's November 18, 2009 Order ruling on the motion for summary judgment. (ECF No. 47). Defendant contends that "such evidence [i]s irrelevant to the claims being tried, [i]s substantially more prejudicial than it [i]s probative, and that it constitute[s] inadmissible character evidence." (ECF No. 119 at 3).

Plaintiff "does not object to an order excluding specific references to this Court's Order." (ECF No. 107 at 4). For the reasons set forth in Plaintiff's Motion in Limine for an Order Specifying that Facts Be Treated as Established and Excluding Contradictory Evidence or Testimony (ECF No. 95), Plaintiff "objects to an order excluding specific determinations made by the Court because they are highly relevant to the issue of Furman's knowledge and

1 thus highly probative of his state of mind." (ECF No. 107 at 4).

For the reasons stated above, the Court finds that evidence of, or reference to, the Court's summary judgment Order presents a substantial risk of jury confusion and unfair prejudice to Defendant. The Motion in Limine to Exclude Evidence Regarding this Court's Prior Summary Judgment Order (ECF No. 98) is granted.

### C. Motion in Limine to Exclude Testimony and Expert Report by Defendant's Expert, Jerry Arnold

#### 1. Contentions of the Parties

Plaintiff moves for an order pursuant to Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and Federal Rule of Evidence 403 excluding the testimony and expert report of Defendant's expert, Jerry Arnold, because Arnold's testimony "is solely based on assumptions he was provided by Furman's counsel." (ECF No. 96 at 2). Plaintiff "also seeks to exclude as hearsay Arnold's report." *Id*. at 2.

Defendant contends:

> Arnold's testimony is properly based on assumptions provided by Furman because that is an accepted practice of accountants providing opinions in litigation and consistent with the routine practice of expert witnesses in testifying in response to hypothetical questions. Moreover, if Arnold had made factual determinations based on the evidence, as the SEC is suggesting, he would have improperly strayed into the province of the jury. Further, Arnold's testimony is relevant and will assist the jury to decide a key aspect of Furman's defense, namely whether Generally Accepted Accounting Principles ('GAAP') were applied correctly to the transactions at issue and whether Furman himself properly applied GAAP based on the facts as he understood them. The assumptions Arnold was given mirror Furman's sworn description of his knowledge at the relevant time and thus Arnold's testimony will be precisely focused on a central question that the jury will face.

(ECF No. 108 at 6).

#### 2. Analysis

An expert witness may testify at trial if the expert's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. A witness must be "qualified as an expert by knowledge, skill, experience, training, or education" and may testify "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*; *see also Kumho Tire v.*

*Carmichael*, 526 U.S. 137, 141, 148-49 (1999). Expert testimony is liberally admitted under the Federal Rules. *See Daubert*, 509 U.S. at 588 (noting that Rule 702 is part of the "liberal thrust of the Federal Rules and their general approach of relaxing the traditional barriers to opinion testimony"); *see also* Fed. R. Evid. 702, advisory committee cmt. (2000 amd.) ("[R]ejection of expert testimony is the exception rather than the rule."). Evidence regarding GAAP and revenue recognition is a proper basis of expert testimony. *See SEC v. Leslie*, 2010 WL 2991038, at *7 (N.D. Cal. July 29, 2010).

"The language 'facts or data' [in Rule 702] is broad enough to allow an expert to rely on hypothetical facts that are supported by the evidence." Fed. R. Evid. 702, advisory committee's cmt. (2000 amd.). "It is well established that an expert may answer questions based on facts offered in the form of a hypothetical question." *Skydive Arizona, Inc. v. Quattrocchi*, 2009 WL 2515616, at *4 (D. Ariz. Aug. 13, 2009); *see Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("[T]he use of leading, hypothetical questions to elicit expert opinions is entirely appropriate.") (citing Fed. R. Evid. 703); *see also Estate of Carey by Carey v. Hy-Temp Mfg., Inc.*, 929 F.2d 1229, 1235 n.2 (9th Cir. 1991) ("[E]xpert witnesses may be competent to give opinions based upon hypothetical facts even though a foundation that the expert has personal knowledge of those facts has not been laid.") (citing Fed. R. Evid. 703). "[H]ypothetical questions must be based on facts in the record." *Skydive Arizona*, 2009 WL 2515616, at *5 (citing, inter alia, *United States v. Celestine*, 510 F.2d 457, 460 (9th Cir. 1975)); *cf. Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (excluding expert testimony that "was not sufficiently founded on the facts" of the case); *cf. De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) ("Even if rule 703 will not require the exclusion of such an unfounded opinion, general principles of relevance will. In other words, an opinion based totally on incorrect facts will not speak to the case at hand and hence will be irrelevant.") (quotation omitted).

Provided any hypothetical posed to an expert witness is supported by evidence admitted at trial and is otherwise proper, the expert's opinion testimony is admissible. To the extent Plaintiff challenges the correctness or one-sided nature of the underlying facts (and the

1  evidence supporting them), Plaintiff's "recourse is not exclusion of the testimony, but, rather,
2  refutation of it by cross-examination and by the testimony of [his] own expert witnesses."
3  *Humetrix v. Gemplus*, 268 F.3d 910, 919 (9th Cir. 2001); *see also Leslie*, 2010 WL 2991038,
4  at *8 ("[W]hen, as here, the parties' experts rely on conflicting sets of facts, it is not the role
5  of the trial court to evaluate the correctness of facts underlying one expert's testimony.")
6  (quoting *MicroChemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003)).  The
7  motion in limine to exclude Arnold's testimony is denied without prejudice to raise specific
8  objections to specific questions or testimony as it is presented at trial. (ECF No. 96). Pursuant
9  to the agreement of the parties as stated at the motion in limine hearing, the motion to exclude
10 Arnold's report is granted.

   **D.    Motion in Limine to Exclude Expert Witness Testimony by SEC Expert Peter Salomon**

   **1.    Contentions of the Parties**

   Pursuant to Rules 702, 703 and 403, Defendant "seeks an order excluding Plaintiff ...
   from making any reference to, or offering any evidence relating to, the opinions of the SEC's
   expert witness, Peter Salomon." (ECF No. 97 at 2). "Defendant anticipates that the SEC will
   seek to introduce his testimony regarding issues of fact that are solely within the purview of
   the jury. Specifically, Salomon is expected to offer 'expert' testimony regarding contract
   terminology, the intent of the parties, and the factual issues surrounding the transactions at
   issue." *Id*.

   Plaintiff contends:

   > Furman's argument that the Commission's CPA expert will offer expert testimony 'regarding contract terminology, the intent of the parties, and the factual issues surrounding the transactions at issue,' is not supported by the expert's report or by his deposition testimony. Rather, Salomon's expert testimony will 'assist the trier of fact,' and is of a type routinely admitted in Commission enforcement actions.

   (ECF No. 101 at 1).

   **2.    Analysis**

   As discussed above, evidence regarding GAAP and revenue recognition is a proper
   basis of expert testimony. *See Leslie*, 2010 WL 2991038, at *7. However, an expert opinion

must be based upon facts in the record. *See In re Software Tool Works Sec. Litig.*, 50 F.3d 615, 628 (9th Cir. 1995) (excluding an expert who opined on the defendants' knowledge without factual support); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425-26 (9th Cir. 1994) (excluding the same expert from *In re Software Tools* because he concluded that the defendants acted with scienter despite a factual record "that conclusive rebut[ted] any inference of scienter"). "[O]pinion with respect to the subjective intentions of the parties is inappropriate" and "opinion with respect to legal concepts and conclusions of law are excludable." *Leslie*, 2010 WL 2991038, at *8-*9 (quotation omitted) (excluding evidence from expert regarding references to "fraudulent" conduct, the intentions of the parties, and whether certain statements were misleading).

At the motions in limine hearing, the Court addressed the admissibility of specific opinions expressed in Salomon's expert report. To the extent Defendant's Motion in Limine to Exclude Expert Witness Testimony seeks to exclude Salomon's testimony entirely, the motion is denied without prejudice to raise specific objections to specific questions or testimony as it is presented at trial. (ECF No. 97).

**E.  Motion in Limine to Exclude Evidence of Consent Decrees and Judgments Entered into Between Plaintiff and Defendants Retail Pro, Inc., Barry M. Schechter and Harvey Braun in Settlement of this Action**

Defendant "seeks an order excluding from evidence and precluding reference, during trial or in any of Plaintiff ... submissions, to the Consent to Entry of Final Judgments ('Consent Decrees') entered into between the SEC, on the one hand, and Retail Pro, Inc. (fka Island Pacific, Inc.), Barry M. Schechter and Harvey Braun, on the other, and/or any evidence that discusses or references these settlements or Final Judgments of permanent injunction and other relief entered against the Defendants." (ECF No. 99 at 2).

Plaintiff filed a nonopposition to this motion in limine. (ECF No. 102). Accordingly, the motion to exclude evidence of Consent Decrees and Judgments entered into between Plaintiff and Defendants Retail Pro, Inc., Barry M. Schechter and Harvey Braun is granted. (ECF No. 99). This ruling is without prejudice to either party requesting, outside the presence of the jury, to introduce evidence of the Consent Decrees and Judgments in the event either

Schechter or Braun testify. *Cf.* Fed. R. Evid. 408(b) (providing that generally evidence of settlements and compromises is not admissible, although the Rule does not require exclusion if the evidence is offered for permissible purposes, which include "proving a witness's bias or prejudice"); *Brocklesby v. U.S.*, 767 F.2d 1288, 1292 (9th Cir. 1985) (affirming the admission of an indemnity agreement under Rule 408(b) "to show the relationship of the parties" and "to attack the credibility of the witnesses").

### III.  Conclusion

IT IS HEREBY ORDERED that, as discussed above and at the February 10, 2011 hearing:

(1) the Motion in Limine by Plaintiff for an Order Specifying that Facts Be Treated as Established and Excluding Contradictory Evidence or Testimony (ECF No. 95) is denied;

(2) the Motion in Limine by Defendant to Exclude Evidence Regarding this Court's Prior Summary Judgment Order (ECF No. 98) is granted;

(3) the Motion in Limine by Plaintiff to Exclude Testimony and Expert Report by Defendant's Expert, Jerry Arnold (ECF No. 96) is denied without prejudice as to Arnold's testimony and granted as to Arnold's report;

(4) the Motion in Limine by Defendant to Exclude Expert Witness Testimony by Plaintiff's Expert Peter Salomon (ECF No. 97) is denied without prejudice; and

(5) the Motion in Limine by Defendant to Exclude Evidence of Consent Decrees and Judgments Entered into Between the Plaintiff and Defendants Retail Pro, Inc., Barry M. Schechter and Harvey Braun in Settlement of this Action (ECF No. 99) is granted.

DATED: February 10, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge