# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                             Plaintiff,<br>vs.<br>RETAIL PRO, INC. (fka Island Pacific, Inc.), BARRY M. SCHECHTER, RAN H. FURMAN, and HARVEY BRAUN,<br><br>                             Defendants. | CASE NO. 08cv1620-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Stay of Execution of Judgment filed by Defendant Ran H. Furman. (ECF No. 175).

## BACKGROUND

On September 4, 2008, Plaintiff Securities and Exchange Commission ("SEC") filed a Complaint in this Court. (ECF No. 1). The Complaint alleged the following claims against Furman: (1) fraud in connection with the purchase or sale of securities pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; (2) aiding and abetting issuer reporting violations pursuant to Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(e), and Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-13; (3) record-keeping violations pursuant to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A) and Rule 13b2-1 thereunder; (4) misrepresentations to accountants pursuant to Exchange Act Rule 13b2-2, 17 C.F.R. §

240.13b2-2; (5) internal control violations pursuant to Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5); and (6) false certification violations pursuant to Exchange Act Rule 13a-14, 17 C.F.R. § 240.13a-14.

On November 18, 2009, the Court issued an Order granting in part and denying in part the SEC's Motion for Summary Judgment. (ECF No. 47). The Court granted summary judgment in favor of the SEC as to the Rule 13b2-1 claim, the Rule 13b2-2 claim and the Section 13(b)(5) claim.

On April 9, 2010, the Court denied Furman's Motion for Reconsideration of the November 18, 2009 summary judgment Order. (ECF No. 58).

On February 15, 2011, a jury trial began as to the remaining claims against Furman. (ECF No. 136).

On February 25, 2011, the jury returned a unanimous Verdict, finding the following: "Furman violate[d] Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder"; "Furman aid[ed] and abet[ted] one or more violations by Island Pacific of Section 13(a) of the Securities Exchange Act of 1934 and Rules 12b-20, 13a-1, and 13a-13 promulgated thereunder"; and "Furman violate[d] Rule 13a-14 promulgated under the Securities Exchange Act of 1934." (ECF No. 147 at 1-2).

On June 23, 2011, the Court denied Furman's Motion for Directed Verdict. (ECF No. 172).

On June 23, 2011, the Court granted in part and denied in part the SEC's Motion for Relief. (ECF No. 173). The Court ordered:

> Furman is permanently enjoined from future violations of Sections 10(b) and 13(b)(5) of the Exchange Act and Rules 10b-5, 13a-14, 13b2-1 and 13b2-2 thereunder, and from aiding and abetting violations of Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 thereunder. Furman is unconditionally barred from acting as an officer or director of a public company for a period of seven years from the date of judgment in this case. Furman is ordered to pay a third-tier penalty of $75,000 within thirty (30) days from the date of judgment.

*Id.* at 17.

On July 8, 2011, the Court entered Final Judgment of Permanent Injunction and Other Relief Against Defendant Ran H. Furman. (ECF No. 174).

On August 5, 2011, Furman filed a Renewed Motion for Judgment as a Matter of Law (ECF No. 176), and a Motion for New Trial (ECF No. 177).

On August 5, 2001, Furman filed the Motion for Stay of Execution of Judgment. (ECF No. 175). Furman moves pursuant to Federal Rule of Civil Procedure 62(b) for an order staying "the execution of the civil penalty portion of the Judgment ... while Furman's Renewed Motion for Judgment as a Matter of Law or Motion for a New Trial ... are pending." *Id*. at 2. Furman contends:

> The Court should grant this Motion because the relevant factors weigh in favor of a stay and Furman is prepared to provide security for plaintiff SEC. In his Post-Judgment Motions, Furman has presented serious questions of law that demonstrate a probability of success on the merits. Absent a stay pending resolution of the Post-Judgment Motions, Furman will be faced with two equally undesirable options: (1) paying the penalty and, should one of his Post-Judgment Motions be granted, potentially being forced to commence proceedings against the SEC for its return, or (2) not paying the penalty and facing an action to enforce the penalty. Both options carry the risk of legal fees exceeding the amount of the penalty. Furman is prepared to provide security by paying the full amount of the penalty into the Court registry. Thus the SEC will not be injured by the stay Furman is seeking, and granting a stay is in the public interest.

(ECF No. 175-1 at 2).

## DISCUSSION

Federal Rule of Civil Procedure 62(b) states: "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment ... pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; ... [or] (3) under Rule 59, for a new trial...." Fed. R. Civ. P. 62(b). "[T]he factors regulating the issuance of a stay" are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court of Appeals for the Ninth Circuit applies the *Hilton* factors by requiring the party seeking a stay to show either (1) "a strong likelihood of success on the merits [of its appeal] and the possibility of irreparable harm," or (2) "that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 512 F.3d 1112, 1115 (9th

1  Cir. 2008) (quotations omitted). These two alternatives "represent two points on a sliding scale
2  in which the required degree of irreparable harm increases as the probability of success
3  decreases." *Id.* at 1116 (quotation omitted). A court must "consider where the public interest
4  lies separately from and in addition to whether the applicant for stay will be irreparably injured
5  absent a stay." *Id*. (quotations omitted).

6  Furman contends that he will be irreparably injured in the absence of a stay because:
7  "Should the Court grant either of these [pending] motions and ultimately rule in Furman's
8  favor, he might then have to commence proceedings against the SEC for return of the amount
9  he paid, and even if successful, the amount returned would have no accrued interest.
10 Moreover, the cost of any such proceedings could approach or exceed the entire amount of the
11 penalty." (ECF No. 175-1 at 5). Furman instead requests that he pay the civil penalty to the
12 Registry of the Court. Under either scenario, a Court order would be required for the funds
13 to be returned to Furman. Furman has failed to show that there is any likelihood that the SEC
14 would fail to obey an order requiring that the money be repaid to Furman. After review of the
15 Motion for Stay of Execution of Judgment, the Court finds that Furman has failed to
16 demonstrate that he will be irreparably injured absent a stay. *Cf. SEC v. Platforms Wireless*
17 *Int'l Corp.*, No. 04cv2105, 2008 WL 281112, at *9 (S.D. Cal. Jan. 31, 2008) ("Defendants ...
18 ask the court to stay the monetary judgments awarded in connection with both the Rule 10b–5
19 and § 5 orders" in part because the defendants "claimed that they are in a precarious financial
20 position and are currently unable to satisfy the monetary judgments...."). In the absence of a
21 sufficient showing of "the possibility of irreparable harm," or "that the balance of hardships
22 tips sharply in [Furman's] favor," the Court declines to consider the likelihood of success on
23 the merits of Furman's other pending motions. *Golden Gate Rest. Ass'n*, 512 F.3d at 1115; *cf.*
24 *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985) (stating
25 in the context of a motion for preliminary injunction: "[P]laintiff must demonstrate that there
26 exists a significant threat of irreparable injury. Because [plaintiff] has not made that minimum
27 showing we need not decide whether it is likely to succeed on the merits.") (citations omitted);
28 *see also Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (same); *Big*

*Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (same).

With respect to the issue of where the public interest lies, Furman contends:

> [I]t cannot be in the public interest to force a defendant to pay a civil penalty when he has raised serious questions as to whether the SEC has met its burden to prove the claims against him in a fair trial. Nor is it in the public interest to force a defendant absolved of liability to spend additional sums in commencing an action for repayment of the penalty.

(ECF No. 175-1 at 6). As discussed above, Furman has failed to show any likelihood that the SEC would fail to obey a Court order to return the funds. Given the extensive prior proceedings and the procedural posture of this case, the Court finds that the public interest in punishing Exchange Act violations and deterring future violations would be best served by denying the Motion for Stay of Execution of Judgment. *Cf. SEC v. Moran*, 944 F. Supp. 286, 296 (S.D.N.Y. 1996) ("By enacting the [Securities Enforcement Remedies and Penny Stock Reform Act of 1990], Congress sought to achieve the dual goals of punishment of the individual violator and deterrence of future violations.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Stay of Execution of Judgment is DENIED. (ECF No. 175).

DATED: August 11, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge